■ BARRY WENZ, Respondent, v ALBERT EINSTEIN COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY, Appellant. [695 NYS2d 391] —In an action to recover damages for breach of an employment contract, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 23, 1998, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

By letter dated October 24, 1994, the plaintiff was appointed to the position of Clinical Professor, Part-time/Voluntary, of Laboratory Medicine and Pathology at the defendant Albert Einstein College of Medicine of Yeshiva University. This letter expressly stated that the appointment was "in accordance with the System of Appointments, Titles and Compensation Arrangements at the Albert Einstein College of Medicine". Pursuant to this System of Appointments, the plaintiff's appointment was for a term of "indefinite duration", the termination of which was "subject to the notice procedure set forth in Section 3.10". Under section 3.10, an individual with the plaintiff's years of service was entitled to written notice of termination "at least twelve months in advance of termination". Here, the defendant provided the plaintiff with less than a month's notice before it terminated his appointment in July 1996, which

is clearly in violation of the notice provisions contained in the defendant's System of Appointments. The fact that the outside funding for the plaintiff's position came to an end did not obviate the need for the requisite 12-months notice since section 5.01 of the System of Appointments clearly provides that under such circumstances a term of indefinite duration may be terminated "subject to the notice requirements contained in section 3.10".

Accordingly, the Supreme Court properly granted the plaintiff's motion for partial summary judgment on the issue of liability. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.